UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LAYLA SALIBA

                                        Plaintiff,

      -against-

**COMPLAINT AND JURY DEMAND**

MENAJEM MENDEL PEREZ

                                        Defendant.

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

1. This is a diversity tort action in which Plaintiff seeks relief for the violation of her rights secured by the New York City Human Rights Law, as well as for the torts of battery, trespass to chattels, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence *per se*, public nuisance, and private nuisance.

2. The claims arise largely from a January 19, 2024 incident in which Defendant, acting in concert and conspiring with Yuval Z. Hadari, attacked Plaintiff because she is of Palestinian descent, intentionally spraying a noxious, foul smelling spray onto her clothes and belongings. After Defendant's racist targeting of Plaintiff, he had the temerity to file a civil rights claim against Columbia University for suspending him for the attack he actually admitted to in court filings. This suit is to make Plaintiff whole for the physical and emotional suffering that Defendant intentionally inflicted.

3. Plaintiff seeks monetary damages (compensatory, and punitive) against Defendant, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to the New York City Human Rights Law and New York common law. The United States District Court has diversity jurisdiction over this matter because Defendant is domiciled in and a citizen of the State of Florida, and Plaintiff is domiciled in and a citizen of the State of New York.

5. Venue is laid within the United States District Court for the Southern District of New York in that the events in question occurred within the boundaries of the Southern District of New York.

**PARTIES**

6. Plaintiff LAYLA SALIBA ("Ms. Saliba") is a United States citizen and at all times here relevant resided in New York City, New York.

7. Defendant MENAJEM MENDEL PEREZ ("Mr. Perez") is a United States citizen and at all times here relevant was domiciled in the State of Florida.

**FACTS**

8. In January 2024, Ms. Saliba was a full-time graduate student at Columbia University. She is a US Citizen of Palestinian descent- her paternal grandfather descends from a long line of Christian Palestinians in the West Bank town of Jifna, near Ramallah. There, his father owned a store, a home, and land with olive trees. Jifna took in thousands of other Palestinians driven off their own land and exiled during the 1947 Nakba, an ethnic cleansing whose 75th anniversary was recently commemorated by the United Nations' General Assembly, and which is inseparable from the founding of the State of Israel. In 1967 Israel occupied the West Bank- territory no one claimed belonged to Israel- and Ms. Saliba's grandfather was driven from the West Bank along with hundreds of thousands of other Palestinians. He migrated to Kuwait, where Ms. Saliba's father was born.

9. On January 19, 2024, Ms. Saliba was peacefully involved in a protest in support of Palestinian rights near Low Library, at Columbia University. The issue is one that affects her deeply; Israel recently killed fourteen of Ms. Saliba's extended family members in Gaza when it bombed a church they attended. This was just one incident in what credible human rights organizations across the board and UN member nations agree is the brink of a genocide at Israeli hands.

10. Mr. Perez and Yuval Hadari conspired and formed a common scheme to attend the protest together "disguised" as protestors, and to bring a noxious spray to spray on the protestors, all of which they did. This is Yuval Hadari, who worked in concert with Mr. Perez, around that time; Mr. Perez was in a similar get up:



11. Under this guise, they released a noxious spray into the air and directly onto clothes and property of the protestors; the spray smelled horrific and was intended to strike fear and alarm in the individuals it was released on. Ms. Saliba was one of those individuals.

12. After releasing the spray, Mr. Perez and Yuval Hadari stopped pretending to be pro-Palestinian protestors. Instead, Mr. Perez openly taunted Ms. Saliba with racist tropes, calling her and other Arab-Americans (and Muslim-Americans) "terrorists" and, in anti-Jewish language, accusing Jews who were protesting in support of Palestine "self-hating Jews" and "fake Jews". They did not call the Jewish students "terrorists".

13. Ms. Saliba was sickened by the noxious spray Mr. Perez attacked her with and received medical treatment for its effects.

14. The matter was to some extent investigated by Columbia University and by the New York City Police Department. As a result of their investigation Columbia University suspended Mr. Perez, who was a Columbia University student.

15. Notwithstanding that he is a current or former Israeli soldier, Mr. Perez claimed to be frightened by the fact his name was disclosed as the perpetrator of the chemical attack and filed an action, under a pseudonym, in the United States District Court, Southern District of New York, for purported discriminatory treatment by Columbia University.

16. In that action, Mr. Perez admitted that he "sprayed into the air" a noxious spray.

17. In a startling about-face, Columbia University caved to the lawsuit, not only reversing Mr. Perez' suspension, but rewarding his actions with a $395,000.00 payout, according to a congressional report.

18. In fact, though Mr. Perez may have sprayed the spray into the air, he also sprayed it directly onto protestors' clothes and property, including Ms. Saliba's, destroying some of her property.

### FIRST CAUSE OF ACTION
Battery

19. The above paragraphs are here incorporated by reference

4

20. Defendant caused intentionally caused bodily contact with Plaintiff, offensive in nature.

## SECOND CAUSE OF ACTION
Trespass to Chattels

21. The above paragraphs are here incorporated by reference.

22. Defendant intentionally physically interfered with Plaintiff's possession of her clothes and backpack, resulting in harm to the condition, quality or material value of her clothes and backpack.

## THIRD CAUSE OF ACTION
Intentional Infliction of Emotional Distress

23. The above paragraphs are here incorporated by reference.

24. Defendant engaged in extreme and outrageous conduct with intent to cause, or disregard of a substantial probability of causing, severe emotional distress.

25. There is a causal connection between Defendant's conduct and Plaintiff's injury.

26. As a result, Plaintiff suffered severe emotional distress.

## FOURTH CAUSE OF ACTION
Negligent Infliction of Emotional Distress

27. The above paragraphs are here incorporated by reference.

28. Defendant owed Plaintiff, a fellow student subject to the same student conduct rules and regulations, a duty of care.

29. Defendant negligently caused Plaintiff psychological trauma with ensuing psychic harm with residual physical manifestations, in that Defendant claims he released chemical spray as a "gag" that constituted "speech".

30. Plaintiff's mental injury was a direct result of Defendant's breach of his duty of care.

31. Plaintiff's claim possesses some guarantee of genuineness.

## FIFTH CAUSE OF ACTION
Negligence *Per Se*

32. The above paragraphs are here incorporated by reference.

33. Defendant violated Penal Law §§ 240.20 (7) and 270.05 by creating a hazardous or physically offensive condition by any act which served no legitimate purpose, and/or he possessed noxious material under circumstances evincing an intent to use it or to cause it to be used to inflict physical injury upon or to cause annoyance to a person, or to damage property of another, or to disturb the public peace.

34. Defendant's violation of the duty of care defined by Penal Law § 240.20 (7) caused Plaintiff injury.

35. Plaintiff is a member of the class intended to be benefitted by Penal Law § 240.20 (7) under the circumstances.

36. Penal Law §§ 240.20 (7) and 270.05 are intended to protect against the very hazard that caused Plaintiff's injury.

## SIXTH CAUSE OF ACTION
Public Nuisance

37. The above paragraphs are here incorporated by reference.

38. Defendant committed an offense against the state, which offends public morals, interferes with use by the public of a public place or endangers or injures the property, health, safety or comfort of a considerable number of persons.

39. Plaintiff suffered special damages as a result of Defendant's offense.

## SEVENTH CAUSE OF ACTION
Private Nuisance

40. The above paragraphs are here incorporated by reference.

6

41. Defendant acted to substantially, intentionally and unreasonably interfere with Plaintiff's right to use and enjoy Columbia University land.

### EIGHTH CAUSE OF ACTION
New York City Human Rights Law §§ 8-502, 8-603

42. The above paragraphs are here incorporated by reference.

43. New York City Human Rights Law ("NYCHRL") § 8-502 provides a civil action by any person claiming to be a person aggrieved by an unlawful discriminatory practice as defined in NYCHRL Chapter 6.

44. NYCHRL Chapter 6 bars any person from using force or the threat of force to knowingly injure, intimidate, interfere with, oppress, or threaten any other person in the free exercise or enjoyment of any right or privilege secured to such other person by the constitution or laws of this state or by the constitution or laws of the United States or by local law of the city when such injury, intimidation, interference, oppression or threat is motivated in whole or in part by the victim's actual or perceived race, creed, or national origin.

45. NYCHRL Chapter 6 further bars any person from knowingly defacing, damaging or destroying the real or personal property of any person for the purpose of intimidating or interfering with the free exercise or enjoyment of any right or privilege secured to the other person by the constitution or laws of this state or by the constitution or laws of the United States or by local law of the city when such defacement, damage or destruction of real or personal property is motivated in whole or in part by the victim's actual or perceived race, creed, or national origin.

46. Defendant has interfered and attempted to interfere with Plaintiff's rights secured by, among other laws, Title VI of the Civil Rights Act of 1964, and New York Executive Law § 296.

### DAMAGES

47. As a direct and proximate result of the acts of Defendant, Plaintiff suffered the following injuries and damages:

   a. Physical pain and suffering;

   b. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   c. Property damage.

WHEREFORE, plaintiffs demand judgment against Defendant as follows:

A. Awarding compensatory damages in an amount to be determined by a jury for each of her causes of action;

C. Awarding punitive damages in an amount to be determined by a jury;

D. Awarding reasonable attorneys' fees, costs and disbursements of this action; and

E. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         November 1, 2024

                                         Very truly yours,

                                         [signature]

                                         Stoll, Glickman & Bellina, LLP
                                         By: Andrew B. Stoll
                                         Attorney for Plaintiff
                                         300 Cadman Plaza West, 12th Floor
                                         Brooklyn, NY  11201
                                         (718) 852-3710
                                         astoll@stollglickman.com