

300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

Hon. Mary Kay Vyskocil                                                    May 7, 2025
United States District Court, SDNY
500 Pearl Street, Room 2230
New York, NY 10007

Re:    *Saliba v. Perez*
       24-cv-08359-(MKV)

Your Honor-

I am Plaintiff's counsel in this case.  I write pursuant to the Court's Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. *Document 12*.[1]

Subject matter jurisdiction derives from diversity of citizenship "in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States".  F.R.C.P. § 1332 (a)(1).

An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  "Domicile" is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*.

The Complaint alleges, and Defendant has not disputed, that Defendant is domiciled in Florida. Defendant's domicile was ascertained from investigation which revealed a September 2020 Florida voting registration which remains active, and Florida Department of Motor Vehicles documentation which reveals a Florida Driver's License originally issued in September 2013 and renewed in January 2022, as well as business contacts in South Florida. "Factors to consider when determining a party's domicile "include current residence, voting registration, driver's license and automobile registration…" *Doe v. Simmons*, 24-CV-1043 (JGK), 2025 WL 486599, at *2 (S.D.N.Y. Feb. 11, 2025).

The Complaint alleges that Plaintiff is a Citizen of New York- she is also domiciled in New York; at the time the Complaint was filed she resided in New York; she is registered to vote in New York and has intended to stay in New York at least since she started grad school at Columbia University in New York.  She hails from North Carolina and has no significant Florida roots or intentions of living there.

The amount in controversy exceeds $75,000.00 in that Plaintiff's emotional suffering, fear and anxiety over being sprayed with a horrific smelling unknown chemical substance, which she

---

[1]    I believe the Court's order was separate and apart from the pre-motion response occasioned by Defendant's premotion letter, and so write separately here to address solely subject matter jurisdiction.

believed to be Israeli Military Grade "Skunk Spray", a substance used by the Israeli military to control populations that include Plaintiff's family in her ancestral homeland. The attack occurred on Plaintiff while she engaged in a peaceful protest about what she believes to be the genocide and ethnic cleansing of her ancestral homeland, and Plaintiff was targeted based on her Arabic ancestry as her attacker used coded language such as "terrorist" and directed his attacks solely at people he believed to be of Arabic descent, or at what he believed to be "fake jews"- both racially motivated attacks.

Although we believe the record will prove more than "garden variety" emotional damages, courts within the Second Circuit frequently hold that even "garden variety" emotional damages can range well in excess of $75,000.00. Judge Cote recently wrote "garden variety emotional distress damages can range from $5,000 to $125,000 in this Circuit". *McDaniel v. Scotch & Soda Retail LLC*, 23-CV-7859 (DLC), 2025 WL 401108, at *2 (S.D.N.Y. Feb. 4, 2025) The Second Circuit wrote in 2014 that "$100,000 appears to reflect the upper end of the range of awards" for emotional damages arising from discrimination, which is part of what is alleged here. *Stampf v. Long Island R. Co.*, 761 F.3d 192, 207 (2d Cir. 2014). In *United States Equal Emp. Opportunity Comm'n v. McLane/E., Inc.*, the Court surveyed Second Circuit verdicts, writing

> …garden-variety claims typically lack extraordinary circumstances and are not supported by any medical corroboration. These claims generally merit $30,000.00 to $125,000.00 awards. S*ee Also Nnebe v. Daus*, 06-cv-4991, 2024 WL 4182600, at *5, 2024 U.S. Dist. LEXIS 164922 (S.D.N.Y. Sept. 13, 2024) ("Because such harm is uncorroborated and not particularly severe, the damages awarded for garden variety emotional distress are fairly modest, 'generally' ranging from '$30,000 to $125,000.' " (quoting *MacMillan v. Millenium Broadway Hotel*, 873 F. Supp. 2d 546, 560 (S.D.N.Y. 2012))). However, $125,000 is not a "hard cap," and courts have been willing to uphold higher verdicts. *See Monette v. Cnty. of Nassau*, 11-CV-539, 2015 WL 1469982, at *20, 2015 U.S. Dist. LEXIS 42523 (E.D.N.Y. Mar. 31, 2015) ("The $150,000 award here does not shock the Court's conscience. Even defendants concede that the general range of awards in similar cases extends at least to $125,000, and the Second Circuit affirmed the award of up to $125,000 in mental anguish damages where there was no evidence of physical sequelae or professional treatment. Thus, the award in this case is quite close to what is often approved, and $125,000 is not a hard cap in cases of this type." (internal citations and quotations omitted)).

*United States Equal Emp. Opportunity Comm'n v. McLane/E., Inc.*, 20-CV-1628 (BKS/ML), 2024 WL 5153167, at *5 (N.D.N.Y. Dec. 18, 2024), appeal withdrawn, No. 25-161, 2025 WL 1168923 (2d Cir. Feb. 4, 2025).

The pleadings thus amply allege both complete diversity of citizenship, and an amount in controversy that exceeds $75,000.00, and subject matter jurisdiction derives from that diversity.

Thank you for your consideration.


Respectfully submitted,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll

2